IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| DAVID I. WEXLER | : |
| DEBTOR. | : BANKRUPTCY NO. 07-14831 SR |
| | : |
| GOLDENBERG ROSENTHAL, LLP, | : |
| PLAINTIFF | : |
| v. | : |
| DAVID I. WEXLER, | : |
| DEFENDANT. | : ADVERSARY NO. 08-66 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

**Introduction**.

Plaintiff, Goldenberg Rosenthall, LLP ("GR"), a certified public accounting firm, commenced this adversary proceeding by filing a Complaint for Nondischargeability ("Complaint") against the debtor, David I. Wexler ("Wexler"). Wexler was the Chief Financial Officer of his former employer, The Brandow Group of Companies a/k/a the Brandow Auto Group, et al. ("Brandow"), and perhaps the primary contact person for Brandow in its relationship with GR. *Complaint* ¶ 2.

The gist of GR's Complaint is that GR is being sued in state court (the "State Court

Action") by Wexler's former employer, Brandow, for failing to detect Wexler's alleged wrongdoing in: (i) defrauding Brandow; and (ii) embezzling or otherwise mismanaging its funds. GR contends that if the state court determines that Wexler committed any wrongdoing, then GR will have causes of action against Wexler in his personal capacity for indemnification and contribution.  Complaint ¶ 5. GR alleges that its potential claims against Wexler give rise to a debt or debts which should be excepted from discharge under 11 U.S.C. §§ 523(a)(2), (a)(3), (a)(4) and /or (a)(6) or, in the alternative, that Wexler should be denied a discharge under 11 U.S.C. §§ 727(a)(4)(A) and/or (a)(4)(D).  Wexler moves to dismiss the Complaint.

Wexler's motion to dismiss ("Motion") focuses mainly on the untimeliness of GR's Complaint.  However, at the hearing on the motion, Wexler raised an additional argument, namely that the Complaint should be dismissed on the ground that GR does not have a claim and is not a creditor in his bankruptcy case.  If Wexler is correct, then GR lacks standing to pursue its claims in this proceeding.  With the Court's permission, the parties submitted post-hearing memoranda on this issue.

Upon consideration, the Court concludes that GR has a claim and is a creditor in Wexler's bankruptcy case.  With regard to the issues raised in the Motion, the Court finds that: (1) it cannot conclude on this record that GR's claims in Counts I, III, IV and V of the Complaint are time-barred; and (2) Count II states a viable claim based on §523(a)(3).  Therefore, the Motion shall be denied; however, Wexler shall not be barred from raising his timeliness arguments at a subsequent stage of this litigation upon a more developed record.

**Background**[1]

On August 16, 2006, Brandow commenced the State Court Action against GR. *See Brandow Chrysler Jeep Co. v. Goldenberg Rosenthal, LLP.*, Court of Common Pleas of Montgomery County, Case #2006-20660, Docket Entry ("State Court Docket Entry") Nos. 0-1.[2] On January 16, 2007, Brandow filed its complaint ("State Court Complaint") against GR. Complaint ¶ 1. On March 19, 2007, GR filed its answer to the State Court Complaint. State Court Docket Entry No. 2. Neither party to the State Court Action has joined or sought to join Wexler therein. Complaint ¶ 4.

On August 22, 2007, Wexler filed his Chapter 7 bankruptcy case.[3] He did not list GR on his list of creditors or on his Schedules. *See* Schedules; *see also* Transcript of Hearing on Motion to Dismiss, dated May 22, 2008 (hereinafter "Tr.") at 5 (confirmation by Debtor's counsel that "the Goldenberg Rosenthal firm is nowhere mentioned on Mr. Wexler's bankruptcy schedules.").

The meeting of creditors in Wexler's bankruptcy case was originally scheduled for October 5, 2007 but it was cancelled and rescheduled for November 5, 2007.[4] It was concluded

---

[1] The facts set forth in the "Background" section are based on the allegations in the Complaint and matters of public record of which the Court takes judicial notice.

[2] The Court takes judicial notice of the docket in the State Court Action. *See Funches v. Household Finance Consumer Discount Company*, 381 B.R. 471, 477 n.4 (Bankr. E.D. Pa. Feb. 5, 2008) (noting that a "bankruptcy court may take judicial notice of the matters of record in the state courts within its jurisdiction."); *In re Star*, 2008 WL 324125, at *2 n.6 (Bankr. E.D. Pa. Feb. 1, 2008) (taking judicial notice of the public docket in a state court action).

[3] The Court takes judicial notice of the docket and documents filed in Wexler's bankruptcy case. Fed.R.Evid. 201; *see Maritime Electric Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1200 n.3 (3d Cir. 1991).

[4] In Wexler's motion to dismiss, he mistakenly asserts, in pertinent part:
(continued...)

on December 26, 2007. Three days later, on December 29, 2007, the bankruptcy case was changed from a no-asset to an asset case and a bar date was set for filing claims. Based on the original date for the meeting of creditors (*i.e.*, October 5, 2007), the last day to oppose discharge or dischargeability was December 4, 2007.

On March 28, 2008, GR commenced this adversary proceeding. On the same date, GR also filed a Proof of Claim for $20,000,000.00 against the bankruptcy estate.[5]

GR's Complaint contains six counts. Counts I through V, which seek to have Wexler's alleged debt to GR held nondischargeable, are based upon Bankruptcy Code §§ 523(a)(2)(A), 523(a)(3)(B), 523(a)(4) and 523(a)(6), respectively. Count V and VI, which seek to have Wexler denied a discharge, are based on Bankruptcy Code §§ 727(a)(4)(A) and 727(a)(4)(D), respectively.

Wexler's Motion to dismiss contends that: (1) Counts I, III, and IV should be dismissed with prejudice because the Complaint was filed beyond the deadline established by Bankruptcy Rule 4007; (2) Counts V and VI should be dismissed with prejudice because the Complaint was filed beyond the deadline established by Bankruptcy Rule 4004; and (3) Count II should be

---

[4](...continued)

> [A] Meeting of Creditors was scheduled for October 5, 2007 at 4:00 p.m. at the Holiday Inn Select, New Hope Room, 4700 Street Road, Trevose, PA 19053. *The Debtor appeared and participated in questioning by the Interim Chapter 7 Trustee*[.]

Motion to Dismiss ¶2 (italics added). The assertion is mistaken because the meeting on October 5, 2007 was cancelled and rescheduled for Friday, November 5, 2007 which means that Wexler did not appear and participate in questioning on October 5th. *See* Docket Entry #21 & #22. However, this fact is irrelevant to the Court's determination herein.

[5] While the Proof of Claim is dated February 26, 2008, it was not filed until March 28, 2008. *See* GR's Proof of Claim. At the hearing on the Motion to Dismiss, GR's counsel stated: "[W]e filed a $20 million proof of claim the day we found out about the bankruptcy." Tr. at 11.

dismissed because Wexler "had no basis to know that GR had an independent claim against him," Motion ¶19.

**Discussion**

### I. STANDING

Wexler's argument that GR does not have a claim and is not a creditor in his bankruptcy case is central to the issue of whether GR has standing to assert its claims against him in this adversary proceeding. If GR lacks standing, then the Court lacks jurisdiction over this proceeding and, thus, cannot decide any issue on its merit. *See Maynard Savings Bank v. Michels (In re Michels)*, 286 B.R. 684, 690 (8th Cir. BAP 2002) (reasoning that if the appellant lacks standing, the Court does not have any jurisdiction and cannot decide any issues raised on appeal); *Fry v. United States (In re Twin Lakes Real Estate, LLC)*, 2007 WL 2964664, at *3 (Bankr. D. Utah April 27, 2007) ("Courts lack jurisdiction over adversary proceedings if the Plaintiff does not have standing to raise the causes of action at issue."); *In re Saffold*, 373 B.R. 39, 44 (Bankr. N.D. Ohio 2007) (*quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975)) ("The overall standing question is 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'"); *Barpwau & Dawson, P.C. v. Euell (In re Euell)*, 271 B.R. 388, 390 (Bankr. D. Colo. 2002) (observing that standing to sue "is an essential element to a justiciable case" and a "jurisdictional prerequisite that is not subject to waiver."). Consequently, whether GR possesses standing to assert its claim against Wexler is a threshold issue. *See Terlecky v. Hurd (In re Dublin Securities, Inc.),* 197 B.R. 66, 74 (S.D. Ohio 1996) (ruling that when the threshold issue of standing is dispositive, the court does not reach defendant's other grounds for dismissal), *aff'd,* 133 F.3d 377 (6th Cir. 1997). If Wexler had not raised this issue,

the Court would have had an independent obligation to do so. *Sampath v. Concurrent Technologies Corporation*, 2006 WL 1207961, at *2 (W.D. Pa. May 3, 2006) (noting that since standing is a jurisdictional requirement, the court has an obligation to raise the issue *sua sponte*); *Miller v. Dutil (In re Total Containment, Inc.)*, 2008 WL 682455, at *9 n.11 (Bankr. E.D. Pa. March 5, 2008) ("Questions of standing, if they exist, must be considered *sua sponte*, as they are akin to subject matter jurisdiction.").

Under §523(a)(2), (a)(4) and (a)(6), a debt may be excepted from discharge upon "request of the creditor to whom such debt is owed[.]" 11 U.S.C. §523(c)(1). Similarly, a debt may be excepted from discharge under §523(a)(3) if it is a debt which belongs to a creditor. *See* 11 U.S.C. § 523(a)(3)(B). Along the same vein, only trustees, creditors or the United States Trustee" are allowed to file objections to discharge under §727(a). Consequently, unless GR is a creditor in Wexler's bankruptcy case, it lacks standing to assert its claims in this adversary proceeding.

Pursuant to §101(11), a creditor is, in relevant part, "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. §101(11). The commencement of a Chapter 7 case constitutes an "order for relief." *See* 11 U.S.C. §301(b). Consequently, GR is a creditor only if it had a claim against Wexler that arose at the time of or before the commencement of his bankruptcy case.

In *Avellino & Bienes v. M. Frenville Co, Inc. (In re Frenville)*, 744 F.2d 332 (3d Cir. 1984), the Third Circuit explained that the "threshold requirement of a claim" is that there must be a "'right to payment.'" Id. at 335 (citations omitted). Since *Frenville* is still the law in this Circuit, *see Jones v. Chemetron Corporation*, 212 F.3d 199, 206 (3d Cir. 2000), the question is

6

whether GR had a "right to payment" from Wexler for indemnification and contribution when he filed his bankruptcy case. This issue is governed by state law. *Avellino & Bienes v. M. Frenville Co, Inc. (In re Frenville)*, 744 F.2d at 336. If GR did not have a right to payment from Wexler when he filed his bankruptcy case, then GR does not have a claim against the bankruptcy estate and is not a creditor in the case.

According to Pennsylvania law, a cause of action for indemnity or contribution "does not even arise" until the defendant in the original cause of action has been held liable to the plaintiff. Lawrence v. Meeker, 717 A.2d 1046, 1048 n.4 (Pa. Super. 1998); Hileman v. Morelli, 413 Pa. Super. 316, 326, 605 A.2d 377, 382 (1992). In Debus v. Crumb, 41 Pa. D. & C.4th 374, 1999 WL 1258952 (Com. Pl. April 13, 1999), the state court opined:

> The limitations period on a contribution claim does not begin to run until the time judgment is entered in favor of the original plaintiff. See Mattia v. Sears, Roebuck & Co., 366 Pa. Super. 504, 508, 531 A.2d 789, 791-92 (1987). On an indemnification claim, there appears to be a split of authority, with some cases holding that the limitations period begins when judgment is entered against the party seeking indemnification and others holding that it does not begin until this party has actually discharged his obligation to the plaintiff. Cf. Kitchen v. Grampian Borough, 421 Pa. 464, 219 A.2d 685 (1966) (entry of judgment) *with* Rivera v. Philadelphia Theological Seminary, 510 Pa. 1, 507 A.2d 1 (1986) (discharge of liability). Since judgment has not been entered against defendants, and payment has not been made to plaintiffs, the limitations period has not yet begun to run on the potential contribution and indemnity claims against Reed.

41 Pa. D & C.4th at 379, 1999 WL 1258952, at *2. See also Orient River Investments v. Equibank, 105 B.R. 790, 795 (Bankr. E.D. Pa. 1989) ("It is well-established, at least in this Circuit, that an indemnity claim which arises due to post-petition developments is not a pre-petition claim.").

Nevertheless, Rule 2252 of the Pennsylvania Rules of Civil Procedure permits a party to "join as an additional defendant any person not a party to the action who may be .... liable to ... the joining party on any cause of action arising out of the same transaction or occurrence ... upon which the underlying cause of action against the joining party is based." Pa.R.C.P. 2252(a)(4). *See also Mattia v. Sears, Roebuck & Co.,* 366 Pa. Super. 504, 531 A.2d 789 (1987) ("The right of contribution may be asserted during the original proceeding via joinder of a third-party defendant ....[o]r it may be pursued in a separate action brought by a tortfeasor who has previously been held liable to the original plaintiff."). An original defendant may file a praecipe for a writ to join an additional defendant or a complaint for joinder, as a matter of course, within sixty days after being served with the initial pleading. *See* Pa.R.C.P. 2253. Consequently, even though a claim for contribution or indemnity does not accrue until a judgment has been entered in favor of the original plaintiff, the Pennsylvania Rules of Civil Procedure allow a defendant in the original action, after being served with the initial pleading in such action, to join as an additional defendant in the action any party who may be liable to it for indemnification or contribution. Therefore, GR was entitled to join Wexler as an additional defendant in the State Court Action after it was served with the State Court Complaint.

The state law in *Frenville* was similar. In *Frenville*, the Third Circuit observed that, under New York law, a claim for contribution or indemnification accrues "at the time of payment of the judgment flowing from the underlying act"; nevertheless, New York's Civil Practice Code "permits a defendant to institute a third-party claim against a party who may be liable to him for all or part of the plaintiff's claim after service of the answer." *Frenville*, 744 F.2d at 337.

8

*Frenville*, like the instant proceeding, also involved a certified public accounting firm named Avellino & Bienes ("A & B") which was alleged to have committed professional malpractice. Faced with a malpractice suit against it in state court, A & B sought to institute claims against Frenville's principles for indemnification and contribution. Frenville's principles, like Wexler in the instant proceeding, were in bankruptcy. *Id.* at 333.

A & B requested the bankruptcy court for relief from the automatic stay so it could bring Frenville's principles into the malpractice action as third-party defendants. *Id.* at 333-34. According to the Third Circuit, the determination of whether the automatic stay barred A & B from suing Frenville's principles in state court depended on whether A & B's claim against them arose pre-petition. *Id.* at 336.

Based on its observations regarding New York law, the Third Circuit concluded that when the malpractice suit was originally filed against A & B in New York's state court, A & B had an "unmatured, unliquidated, disputed *claim*" against Frenville's principles. *Id.* at 337 (italics added). However, since the malpractice suit against A & B was not commenced until <u>after</u> the Frenvilles' bankruptcy cases were filed, A & B's claim, as well as its cause of action against the principles, arose post-petition rather than pre-petition. *Id.* Explaining this point, the Third Circuit opined:

> Until the banks instituted suit [against it,] A & B did not have any claim or cause of action based on indemnity or contribution against the Frenvilles. Since the banks' suit [against A & B] began some fourteen months after the filing of the Frenvilles' [ ] chapter 7 proceedings, A & B's claim, as well as its cause of action, arose post-petition. ... Thus, by its very terms, the automatic stay provision of §362(a) is inapplicable to A & B's suit.

*Id.*

In contrast to the facts in *Frenville* wherein the state court action against A & B was filed <u>after</u> Frenville's principles' bankruptcy cases had already been filed, the State Court Action at issue in the instant proceeding was commenced <u>before</u> Wexler filed for bankruptcy. Pursuant to Pa. R.C.P. 2252 & 2253, G&R had the opportunity to and was entitled to join Wexler as an additional defendant in the State Court Action before he filed his bankruptcy case. Therefore, following the Third Circuit's rationale in *Frenville*, G&R has an "unmatured, unliquidated, disputed claim" in Wexler's bankruptcy case, making G&R a creditor in his case. Consequently, G&R has standing to assert its claims against Wexler and this Court has jurisdiction to decide Wexler's Motion.

## II. THE MOTION TO DISMISS

In ruling on a motion to dismiss, a court "may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Stockham Interests, LLC v. Borough of Morrisville*, 2008 WL 4889023, at *3 (E.D. Pa. Nov. 12, 2008). Accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny (In re Phillips)*, 515 F.3d 224, 233 (3d Cir. 2008) (*quoting Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

The factual allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ____, 127 S.Ct. 1955, 1965 (2007). "[I]f, in view of the facts alleged, it can be reasonably conceived that the plaintiff

could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted." *Amvest Corp. v. Anderson Equipment Co.,* 2008 WL 4890881, at *3 (W.D. Pa. Nov. 12, 2008) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955, 1964, 1969 n.8 (2007)).

**(A)   Whether Counts I, III, and IV should be dismissed with prejudice because the Complaint was filed beyond the deadline established by Fed.R.Bankr.P. 4007(c)?**

Counts I, III and IV of the Complaint assert claims pursuant to §523(a)(c) which states, in relevant part:

> [T]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. §523(a)(c)(1). The time deadline for filing a complaint to determine the dischargeability of a debt under §523(c) is set forth in F.R.Bankr.P. 4007(c). This rule provides:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

F.R.Bankr.P. 4007(c).

Wexler contends that Counts I, III and IV of the Complaint should be dismissed because GR failed to file its Complaint within the 60 day deadline of Rule 4007(c).[6] However, GR was

---

[6] The sixty day deadline runs from the date on which the meeting of creditors was originally scheduled regardless of whether it was actually held on that date. *See Gatchell v. Kise*, 84 B.R. 36, 37 (Bankr. E.D. Pa. 1988); *In re McDowell*, 57 B.R. 310, 311-12 (Bankr. M.D. Pa. 1986), *aff'd,* 85 B.R. 717
(continued...)

11

not listed as a creditor on Debtor's Schedules so GR was not provided with notice of the meeting of creditors or the deadline for filing a complaint to determine dischargeability as Rule 4003(c) requires.  F.R.Bankr.P. 4007(c).

It is a well established and generally accepted rule that "a creditor having actual knowledge of a bankruptcy filing and a reasonable opportunity to object to the discharge of a debt ... may *not* file a complaint after the prescribed deadline for doing so has passed," *Muse v. Muse*, 289 B.R. 619, 623 (Bankr. W.D. Pa. 2003); however, this rule does not control here because there is no evidence in the record currently before the Court that GR had actual knowledge of the Debtor's bankruptcy filing by the deadline imposed by Rule 4007(c). While Wexler alleged in his Motion to Dismiss that GR had actual knowledge of his bankruptcy case when it was filed, GR denied that allegation in its reply to the Motion, thereby raising a disputed issue of fact. *See Motion to Dismiss Complaint Objecting to Dischargeability of a Debt and Discharge as Untimely Filed* at ¶18; Reply *to Motion to Dismiss Complaint Objecting to Dischargeability of a Debt and Discharge as Untimely Filed* at ¶18.  Until this disputed fact can be resolved, the Complaint shall not be dismissed as time-barred by Rule 4007(c)'s 60 day deadline. *See Carney v. Carney (In re Carney)*, 1999 WL 395373, at *5 (Bankr. E.D. Pa. June 4, 1999) (opining that plaintiff's denial of factual allegation set forth in defendant's motion to dismiss created a "contested averment" that should not be resolved on a Rule 12 motion).

Furthermore, GR contends that equitable tolling applies to Rule 4007(c) and is applicable under the facts existing here.  Notably, neither the Supreme Court nor the Third Circuit has

---

[6](...continued)
(M.D. Pa. 1986).

determined whether the statutory time deadline set forth in Rule 4007(c) "can be softened on equitable grounds." *Kontrick v. Ryan*, 540 U.S. 443, 447-57 (2004) (ruling that Rule 4004 which is similar to Rule 4007 is not jurisdictional but refraining from deciding whether the deadline therein is subject to equitable tolling);[7] *Schwartz v. Weinberg (In re Weinberg)*, 197 Fed. Appx. 182, 187-88 (3d Cir. 2006) (not precedential) (noting that the Third Circuit has never held that Rule 4007 was "jurisdictional" or otherwise immune from tolling based on equitable principles.").[8] However, other courts have ruled that the time deadline in 4007(c) can be equitably tolled. *See Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 343-344 (6th Cir. 2003) (deciding that Rule 4007(c)'s filing deadline is subject "to the defenses of waiver, estoppel, and equitable tolling."); *European American Bank v. Benedict (In re Dolores Benedict)*, 90 F.3d 50, 54-55 (2d Cir. 1996) (holding that "Rule 4007(c) is not jurisdictional and thus is subject to waiver, estoppel, and equitable tolling[.]"); *see also* In re Kontrick, 295 F.3d 724, 733 (7th Cir. 2002) (concluding that the timeliness provision in Rule 4004 is subject to equitable defenses), *aff'd*, *Kontrick v. Ryan*, 540 U.S. 443, 447-57 (2004); *Farouki v. Emirates Bank Int'l, Ltd.,* 14 F.3d 244, 248 (4th Cir. 1994) (holding that filing deadline in Rule 4004 is subject to equitable defenses).

This Court agrees that the filing deadline set forth in Rule 4007(c) is subject to equitable

---

[7] In *Kontrick,* the Supreme Court observed that Rule 4007(c) tracks Rules 4004(a) and (b) such that decisions construing one rule are applicable in construing the other rule. *Kontrick v. Ryan*, 540 U.S. at 448 n.3. *See also Schwartz v. Weinberg (In re Weinberg)*, 197 Fed. Appx. at 185 n.3 (noting that "given the similar language of Rules 4004(a) and 4007(c), construction of one is informative of the proper construction of the other.").

[8] While Third Circuit decisions that are not precedential are not binding, they are still persuasive precedent. *See Shaw v. State Farm Insurance Company,* 2008 WL 2756507, at * 1 n.2 (W.D. Pa. July 15, 2008).

tolling. *Accord DeAngelis v. Rychalsky (In re Rychalsky)*, 318 B.R. 61 (Bankr. D. Del. 2004) (holding that equitable tolling applies to the time limit in Rule 4007(c)). According to the Third Circuit, "equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 424 (3d Cir. 2005) (*quoting Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994)). Whether such circumstances exist in the instant case cannot be determined on the record before the Court because, *inter alia*, there is a factual dispute, as noted above, as to when GR learned of the Debtor's bankruptcy filing.[9] Therefore, Wexler's Motion is denied as to Counts I, III and IV.

**(B)    Whether Counts V and VI should be dismissed with prejudice because the Complaint was filed beyond the deadline established by Federal Rule of Bankruptcy Procedure 4004?**

Wexler also contends that Counts V and VI of the Complaint should be dismissed as time-barred under Rule 4004. As the Court observed above, *see supra n.7*, Rule 4004(a) & (b) are construed according to the same decisional law as Rule 4007(b). Since the record does not disclose when GR learned of Wexler's bankruptcy filing, Counts V and IV shall not be dismissed.

---

[9] At the hearing on the Motion, GR's counsel stated:

> At some point here, pretty late in the game, our client learned that Mr. Wexler had filed a personal bankruptcy case. And, accordingly, I filed a proof of claim almost that day, and shortly thereafter the complaint objecting to discharge.

Tr. at 14-15. However, counsel's statements are not evidence.

**(C)    Whether Count II should be dismissed because,
according to Wexler, he "had no basis to know
that GR had an independent claim against him"?**

Count II sets forth a claim under Bankruptcy Code §523(a)(3)(B). This subsection states, in relevant part:

> A discharge under section 727 .... of this title does not discharge an individual debtor from any debt--
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, <u>if known to the debtor</u>, of the creditor to whom such debt is owed, in time to permit--
>
> * * *
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. §523(a)(3)(B). Wexler contends that Count II should be dismissed because "he had no basis to believe that [GR] had an independent claim against him." *Motion* ¶19. He further alleges that "[t]he claim which [GR] now alleges may be brought, if subsequently determined in the state Court proceeding, was not known to the Debtor as of the filing of the Bankruptcy Case or at the time the Debtor filed its Schedules and Statements of Financial Affairs with the Bankruptcy Court[.]" *Id.* The Court rejects these contentions.

The dockets from the State Court Action establish that it was pending when Wexler filed his bankruptcy case. Given the factual background which underpins this dispute, the Court finds the most reasonable inference to be that Wexler did know of the pending action. Put differently, the allegations of the Complaint, when taken as true and viewed in the light most favorable to

GR, would tend to confirm that Wexler knew about the State Court Action when he filed his bankruptcy case.  It is therefore equally plausible that when Wexler commenced his bankruptcy case, he either knew or should have known, based on the State Court Action, that GR might file a suit against him for contribution or indemnification.  In such case, Wexler should have listed GR as a creditor on his Schedules.  Consequently, based on the standard of review applicable to the present motion, the Court concludes that GR is entitled to proceed on the claim in Count II of its Complaint and that the motion to dismiss must be denied.

**<u>Summary</u>**

The Motion shall be denied.  However, Wexler, should he choose, may raise the timeliness arguments which he has asserted in his Motion at a later point in this litigation and upon a more fully developed evidentiary record.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>November 21, 2008</u>

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| DAVID I. WEXLER | : | |
| DEBTOR. | : | BANKRUPTCY NO. 07-14831 SR |
| GOLDENBERG ROSENTHAL, LLP, | : | |
| PLAINTIFF | : | |
| V. | : | |
| DAVID I. WEXLER, | : | ADVERSARY NO. 08-66 |
| DEFENDANT. | : | |

# ORDER

**AND NOW,** this 21st day of November, 2008, upon consideration of the Motion to Dismiss Complaint Objecting to Dischargeability of a Debt and Discharge as Untimely Filed (the "Motion") and after hearing with notice, it is hereby **ORDERED** that the Motion is denied without prejudice to Wexler raising the timeliness arguments which he set forth in his Motion at a later time in this litigation upon a more fully developed evidentiary record.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Counsel for David Wexler
Paul J. Winterhalter
Law Offices of Paul J Winterhalter, P.C.
1717 Arch Street
Suite 4110
Philadelphia, PA 19103

Counsel for Goldenberg Rosenthal, LLP.
Seth Lawrence Laver
Margolis Edelstein
The Curtis Center
Fourth Floor
601 Walnut Street
Philadelphia, PA 19106

James E. Huggett
Margolis Edelstein
750 S Madison Street
Suite 102
Wilmington, DE 19801

Chapter 7 Trustee
Bonnie B. Finkel
P.O. Box 1710
Cherry Hill, NJ 08034

United States Trustee
George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Courtroom Deputy to Judge Raslavich
Nancy Mulvehill